UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATIONAL FINANCIAL GROUP, INC., | Civil Action No. 05-4197 (FSH) |
| Plaintiff/Counterdefendant, | |
| v. | **ORDER and OPINION** |
| CAJUN OPERATING COMPANY d/b/a CHURCH'S CHICKEN | October 12, 2005 |
| Defendants/Counterclaimants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Cajun Operating Company d/b/a Church's Chicken's ("Cajun") removal of Plaintiff National Financial Group's ("NFG") Complaint from the Superior Court of New Jersey, and upon Cajun's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1]

This Court having reviewed the written submissions of the parties and having held a hearing on October 11, 2005, at which both parties were heard, and

---

[1] Motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action result in a determination on the merits at an early stage of a plaintiff's case. *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). As a result, "plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn." *Id*; *see also Semerenko v. Cendant Co.*, 223 F.3d 165, 173 (3d Cir. 2000) (*citing In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)) ("A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief."). In order to grant a 12(b)(6) motion to dismiss, the court must find that the plaintiff will be unable to prevail even if plaintiff proves all the allegations in the complaint. The court's decision must be based solely on the legal sufficiency of the complaint. *See Mortensen*, 549 F.2d at 891.

for the reasons stated on the record, Defendant Cajun having not established at this stage of the proceedings that Plaintiff NFG can prove no set of facts in support of its claims which would entitle it to relief,

**IT IS** on this 12th day of October, 2005,

**ORDERED** that Defendant Cajun's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.